## KENT COUNTY.

OLIVER R. MATTESON *et al. vs.* THOMAS G. WHALEY *et als.*

A bill in equity seeking to prevent continuing trespasses on land claimed by the complainants, and also praying the court to ascertain and establish the lines and boundaries of a highway on which the land abuts, is not multifarious.

Upon an amendment to a bill making a town a party respondent the subpœna was issued to and served upon the town treasurer of the town :

*Held,* that as the town was not named in the process it did not become a party to the suit.

*Held,* further, that as no relief was sought against the town, and the town having no power to act except through the town council, the town should not be made a party.

A town council is a continuing body, and it is therefore unnecessary to bring into a suit against it members newly elected.

When the record of the court shows amendments of the pleadings purporting to have been allowed by the court with the assent of parties, no such assent appearing in writing, it will be presumed that the court acted upon consent given in its presence.

BILL IN EQUITY for an injunction. Heard on motion to strike out amendments to the bill, and upon demurrer to the bill as amended.

*November* 24, 1896. PER CURIAM. The purpose of the

bill is to prevent continuing trespasses upon land which the complainants claim as theirs. The prayer that the court will ascertain, fix and establish the exact lines and boundaries of the highway is not a separate and distinct matter, since the repeal of the statute, (Pub. Laws R. I. cap. 453, of April 1, 1875,) but is incidental to the equitable relief sought by the bill. We do not think that the bill is multifarious.

On looking into the papers we find that, though the amendments to the bill provided for making the town of Coventry a party, the subpœna issued after the amendments was directed, among others, to the town treasurer of Coventry on whom it was served. It was doubtless intended thereby to make the town a party to the suit; but, as the town was not named in the process, the service failed in its purpose, and the town has consequently never been made a party to the suit. No relief being sought against the town, and the town having no power to act except through the town council, we think it should not be made a party.

The town council is a continuing body, and for this reason we do not think that it is necessary to bring into the suit, from time to time, members newly elected.

The rule of the court provides that agreements of parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to in the presence of the court, or that they will be considered of no validity. The amendments of the bill were allowed by the court, and, as they purport to have been allowed by consent, we are bound to assume that the court acted upon consent given in its presence. The motion to strike out the amendments was heard in this county, without the record of the court that the amendments had been allowed by the court sitting in Kent county. The entry upon the minute book of "motion granted" was simply an intimation by the court that the order might be entered, striking out the amendments. No such order was made, for the reason that the matter was held open to ascertain the state of the record in Kent county. On learning that the amendments had there been allowed by the court, counsel were notified of the fact, and for that

reason no order was entered.   The amendments, therefore, stand as a part of the bill.

Demurrers overruled.

*Albert B. Crafts & Dexter B. Potter*, for complainants.
*Oscar Lapham & Ezra K. Parker*, for respondents.